UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS J. PAULSON,

                Plaintiff,

    v.

SNOHOMISH COUNTY WASHINGTON, et al.,

                Defendants.

CASE NO. C09-0377-JCC

ORDER

This matter comes before the Court on Plaintiff's Notice of Claim, Amended Complaint, and Motion to Dismiss, and upon Defendant's Request for Sanctions. The Court will adopt the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (Dkt. No. 94), DENY Plaintiff's Motion to Dismiss (Dkt. No. 105); and DENY Defendant's Request for Sanctions (Dkt. No. 112), for the reasons explained herein.

**I.    Magistrate Judge Tsuchida's Report and Recommendation**

The Court has reviewed Plaintiff's Notice of Claim and Amended Complaint, the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida, and the remaining record, including Plaintiff's Motion to Strike (Dkt. No. 104) and Plaintiff's Objection to Report and Recommendation (Dkt. No. 106). The Court has also read the arguments presented in Plaintiff's Supplemental Declaration to Motion for Enlargement of Time to File Supplemental Opposition to Magistrate's Report and Recommendation (Dkt.

ORDER OF DISMISSAL – 1

No. 115), although not properly presented to the Court as formal objections and therefore not within the purview of the Court's mandatory review. *See* FED. R. CIV. P. 76(b)(3). That document gave some sense of what the arguments would be in a forthcoming formal objection, which was never filed, despite an extension of time. (*See* Dkt. No. 114.)

Most of the objections filed by Plaintiff do not address Magistrate Judge Tsuchida's reasoning, which is sound. However, one repeated objection that merits additional attention targets the determination that the statute of limitations barred his claim. Plaintiff asserts that his cause of action did not accrue until either April 4 or April 7, 2006, the date on which he was apparently released on a change of plea and sentenced to time served, and therefore that the limitations period did not run until after his claim was filed. (There is conflict in the materials as to that date. (*Compare* Dkt. No. 106 at 4, 9 *with* Dkt. No. 115 at 2–3.)) He argues that the applicable statute, RCW 4.16.190(1), tolled the statute of limitations during his period of incarceration, from March 15, 2006, to April 4 or 7, 2006, which would mean that his claim—filed on March 23, 2009—was brought within the three year statute of limitations for § 1983 claims.

RCW 4.16.190(1) tolls the statute of limitations for imprisonment "on a criminal charge prior to sentencing." As the Report and Recommendation correctly notes, a plaintiff carries the burden of proof if he or she alleges that the statute was tolled and does not bar the claim. *Rivas v. Eastside Radiology Assoc.*, 189 P.3d 753, 755 (Wash. 2008). Bare allegations, unsupported by citations to the record or additional facts, will not suffice to carry this burden of proof. Plaintiff has not provided any evidence on which the court could determine that his period of incarceration between March 15, 2006 and April 4 or 7, 2006, was "prior to sentencing." Because Plaintiff has failed to meet his burden of proof under

ORDER OF DISMISSAL – 2

RCW 4.16.190(1), this objection is not meritorious.

Even assuming the statute of limitations was tolled, however, none of Plaintiff's properly filed objections, nor the argument mentioned in Plantiff's Supplemental Declaration (Dkt. No. 115), speaks to the reasoning in the Report and Recommendation as to the merits of his claim. For example, Plaintiff apparently questions the Magistrate Judge's reliance on *Georgia v. McCollum*, 505 U.S. 42 (1992), but his argument does not apply to his case. While it is true that *McCollum* reaffirmed that "the determination whether a public defender is a state actor for a particular purpose depends on the nature and context of the function he is performing," *id.* at 53, nowhere in his argument does Plaintiff contend that the public defender in *his* case was performing any function other than "his general representation of a criminal defendant," such as investigation or making personnel decisions on behalf of the State. *See id.* This objection, in addition to being improperly raised, is also inapposite.

For these reasons, the Court hereby adopts the Report and Recommendation of Magistrate Judge Brian A. Tsuchida. Instructions for the Clerk of Court and dispositions as to the various motions follow at the end of this Order.

## II. Plaintiff's Motion to Dismiss

After the Report and Recommendation was entered, Plaintiff filed a "Motion to Dismiss Case of State of Washington v. Paulson, Snohomish County." (Dkt. No. 105.) To the best of the Court's understanding, Plaintiff appears to be requesting the Court to expunge his criminal record because of "improper testimony," "illegal suppression of evidence," and "illeagally (sic) coercing false testimony" at a 2007 state criminal proceeding against him in Snohomish County. (Dkt. No. 105 at 3.) The Court cannot ascertain, from the face of the

ORDER OF DISMISSAL – 3

pleadings, whether the criminal proceedings are ongoing.

This motion does not pertain to the civil case before the Court, and is therefore not properly considered. Even so, if Plaintiff is requesting that the Court expunge his record, federal district courts lack jurisdiction to expunge a state criminal record without independent statutory or Constitutional authority. *United States v. Sumner*, 226 F.3d 1005 (9th Cir. 2000). Plaintiff has not cited any such statute or Constitutional provision that would grant this Court jurisdiction. If, on the other hand, Plaintiff is requesting that the Court interfere with pending state criminal proceedings, this Court abstains from doing so. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

This motion is therefore DENIED.

**III.  Defendant's Request for Sanctions**

Defendant Snohomish County has moved for sanctions pursuant to 28 U.S.C. § 1927 and 28 U.S.C. § 1915. (Dkt. No. 112.)

Under 28 U.S.C. § 1927, the Court has the discretion to impose sanctions on an attorney or other person who "multiplies the proceedings in any case unreasonably and vexatiously." An imposition of sanctions under § 1927 requires a showing of intent—either bad faith, or at least "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Although the filings in this case were voluminous and difficult to decipher, the Court finds no evidence of the requisite intent and therefore declines to exercise its discretion to impose sanctions.

Defendant also encourages the court to consider sanctions under 28 U.S.C. § 1915(g), which prevents a prisoner from proceeding *in forma pauperis* if he has brought

ORDER OF DISMISSAL – 4

three or more civil claims or appeals while incarcerated. However, Plaintiff did not file this claim while incarcerated, so this provision does not apply. Moreover, before a district court issues a pre-filing injunction against a *pro se* litigant—a drastic remedy—it is incumbent on the Court to make substantive findings as to the frivolous or harassing nature of the litigant's actions. *DeLong v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (citations omitted). Because this court declines to make such a finding in this case, a pre-filing injunction is inappropriate.

The Court recognizes the difficulties associated with this case. However, the Court is not persuaded to exercise its discretion to award sanctions at this time. Defendant's Motion for Sanctions (Dkt. No. 112) is therefore DENIED.

## IV. Conclusion

The Court, having reviewed plaintiff's Notice of Claim and Amended Complaint, the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida, and the remaining record, does hereby ORDER:

(1) The Court adopts the Report and Recommendation;

(2) Defendants' motions to dismiss (Dkts. No. 43, 45, 47) are GRANTED and this action is DISMISSED;

(3) Plaintiff's motions to strike (Dkts. No. 37, 38, 46); for an evidentiary hearing (Dkt. 76, 89); for summary judgment (Dkt. No. 85); and for sanctions (Dkt. No. 91) are DENIED;

(4) Plaintiff's Motion to Dismiss (Dkt. No. 105) is DENIED;

(5) Defendant's Motion for Sanctions (Dkt. No. 112) is DENIED;

(4) The Clerk of Court is directed to close the case and send copies of this Order to

ORDER OF DISMISSAL – 5

plaintiff and to Judge Tsuchida.

DATED this 14th day of September, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL – 6